# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Teodoro Orozco-Castillo, )
               Movant, )
vs. ) No. 06-0324-CV-W-FJG
United States of America, ) Crim. No. 03-0344-02-CR-W-FJG
               Respondent. )

## ORDER

Pending before this Court is movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1), filed April 14, 2006, and the government's opposition (Doc. #5), filed May 3, 2006. On June 8, 2006, this Court issued an order directing movant to file a reply to respondent's response (Doc. #5) within 30 days or the case may be dismissed without further notice. To-date, movant has not filed a reply. The Court finds that it has jurisdiction over this matter.

Movant was found guilty by a jury on February 18, 2004, and sentenced to 240 months in custody. Movant's conviction was affirmed on appeal in <u>United States v. Orozco-Castillo</u>, 404 F.3d 1101 (2005) on April 22, 2006.

The issue raised by movant focuses on the drug quantity stated in the Pre-Sentence Report. Movant asserts that his base offense level was improperly increased from level 26 to level 34 due to an inaccurate drug quantity determination, and that he was illegally sentenced based on that inaccuracy.

The opinion of Eighth Circuit Court of Appeals addressed the issue of drug quantity. It held that the jury's finding regarding drug quantity "when coupled with his prior conviction for a felony drug offense, required the imposition of a minimum sentence of 240 months in prison and 10 years of supervised release." Accordingly, movant's reliance on drug quantity determination in the Presentence Report as justification for re-sentencing at a lower base level is without merit.

## JUDGMENT

The Court has reviewed movant's motion (Doc. #1), the government's opposition (Doc. #5), and the Court record and finds that movant's allegations are without merit.

The government's opinion presents a thorough legal analysis of the issues raised by movant. This Court adopts and incorporates by reference herein that analysis as its own.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1), filed April 14, 2006, is hereby denied.

Having denied movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, and no motion for certificate of appealability having been filed by movant, the Court addresses this matter on its own motion.

A certificate of appealability will be issued only if the applicant has made a substantial showing of the denial of a constitutional right and has indicated which specific issue or issues satisfy the showing required. 28 U.S.C. § 2253(c)(2) and (3). Additionally, "the petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Randolf v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.1 (1983)) (alteration in original). Although this may be referred to as a "modest standard," id. (citing Charles v. Hickman, 228 F.3d 981, 982 n.1 (9th Cir. 2000)), this burden has not been met.

Accordingly, it is hereby ordered that a certificate of appealability will not issue from this Court. It is further ordered that the Clerk of the Court is directed to mail a copy of this Order by regular and certified mail, return receipt requested, to

    Teodoro Orozco-Castillo
    Reg. No. 16412-045
    P.O. Box 879
    Ayer, MA 01432

                                            /s/ Fernando J. Gaitan, Jr.
                                            Fernando J. Gaitan, Jr.
Dated: June 28, 2006                    United States District Judge
Kansas City, Missouri